JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from a judgment of the Court of Common Pleas granting defendant-appellee's motion to suppress. For the reasons that follow, we affirm.
 {¶ 2} On May 23, 2002, two Cleveland Police Officers observed three men outside an apartment building located at 9601 Union Avenue at 4:30 a.m. This is a high crime area and the officers decided "to stop and check them out because [they] suspected [the men] were involved in drug activity." (Tr. 7). As the officers approached, the men dispersed into three different directions. The officers stopped the patrol car next to the defendant, who raised his hands saying, "I'm not doing nothing, I ain't got nothing, I'm okay, go ahead and check me." (Tr. 8). The officers admitted that they had not observed any of the three men doing anything indicative of criminal activity. (Tr. 11, 18).
 {¶ 3} The defendant testified that he had been helping move people who had been displaced by a fire. He stated that he was on his way to a nearby restaurant when the officers approached and stopped him. Defendant admitted that he cooperated with the officers' search of his person but denies that he consented to same.
 {¶ 4} One of the officers conducted a pat down search for weapons. That officer pulled a cigarette out of defendant's left trouser pocket. The other officer testified that he believed the cigarette contained crack cocaine when he saw bulges in it.
 {¶ 5} The officers placed defendant under arrest and he was ultimately charged with one count of possession of drugs.
 {¶ 6} At the conclusion of the suppression hearing, the court found that the officers patted the defendant down "and all they found was the feel of a cigarette and they pulled the cigarette out." (Tr. 28). The court further found that the officers did not feel anything that would constitute a weapon. As a result of these factual findings, the court granted the defendant's motion to suppress.
 {¶ 7} The State assigns the following sole assignment of error for our review:
 {¶ 8} "I. As a matter of law, the trial court erred by granting the defendant's motion to suppress."
 {¶ 9} When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v.Kobi (1997), 122 Ohio App.3d 160. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the appellate court must then independently determine, as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 10} The United States Supreme Court has held that an officer may briefly detain an individual for investigative purposes if the individual is engaging in unusual behavior. This is true even if there is not probable cause to support an arrest, so long as the officer believes that criminal activity has recently occurred or is about to occur. Terry v. Ohio (1968), 392 U.S. 1. To justify this detention, the officer must be able to "point to specific and articulable facts which, taken together with rational inferences with those facts, reasonably warrant that intrusion." Id. at 21.
 {¶ 11} During a Terry stop, an officer may perform a "pat down" search for weapons. The purpose of this limited search is to allow an officer to pursue his or her investigation without fear of violence; it is not intended to provide the officer with an opportunity to ascertain evidence of a crime. State v. Evans (1993), 67 Ohio St.3d 405, 408. When police officers are conducting a lawful Terry search for weapons, they may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer through the sense of touch. Id. at 414, fn. 5, citing Minnesota v. Dickerson (1993),508 U.S. 366.
 {¶ 12} As previously stated, the trier of fact, here, the court, is in the best position to resolve questions of fact and evaluate witness credibility. Ibid. The trial court found that because the searching officer did not feel anything that would constitute a weapon and only felt a cigarette, there was no basis to expand the scope of a Terry
search in this case.[1] Because the trial court's findings are supported by both competent and credible evidence in the record and the court properly applied these findings to the applicable legal standard, we overrule the sole assignment of error.
Judgment affirmed.
Frank D. Celebrezze, Jr., P.J., and Diane Karpinski, J., concur.
[1] Although one officer testified that he knew the cigarette contained crack cocaine upon observing bulges in it, the operative fact remains that the incriminating nature of the cigarette was not immediately apparent to the searching officer. Thus, the "plain feel" exception ofDickerson is not applicable.